UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL ANTHONY FLORES, AKA JIMMY FLORES,

Petitioner,

v.

UNKNOWN,

Respondent.

NO. CV 11-7390-DMG (AGR)

ORDER TO SHOW CAUSE

On September 8, 2011, Petitioner filed a Petition for Writ of Habeas Corpus. For the reasons discussed below, it appears that Petitioner has failed to exhaust his state remedies.

The court, therefore, orders Petitioner to show cause, on or before ***October 11, 2011***, why the court should not recommend dismissal without prejudice based on failure to exhaust state remedies.

///

///

///

///

## I.

## BACKGROUND AND DISCUSSION

On May 6, 2011, Petitioner pled no contest to various crimes. (Petition at 2.) On July 8, 2011, the trial court notified Petitioner of its refusal to file a notice of appeal submitted by Petitioner based on the denial of a Certificate of Probable Cause.[1] (*Id.* at 3 & Attached.) Petitioner alleges five grounds in the instant petition and indicates that he never presented any of the grounds to the California Supreme Court, either on direct appeal or on habeas. (*Id.* at 5-6.)

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner present his contentions to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claims are based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

As outlined above, the petition appears to be completely unexhausted and is therefore subject to dismissal without prejudice. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

---

[1] Cal. Penal Code § 1237.5 "provides that a defendant may not appeal a judgment of conviction entered on a plea of guilty or nolo contendere without obtaining a certificate of probable cause from the trial court, unless the appeal is based solely upon grounds occurring after entry of the plea and which do not challenge its validity." *People v. Placencia*, 194 Cal. App. 4th 489, 493, 122 Cal. Rptr. 3d 922 (2011).

**II.**

**ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before ***October 11, 2011***, Petitioner shall show cause, if there be any, why this court should not recommend dismissal without prejudice based on failure to exhaust state remedies.

**Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the magistrate judge will recommend that the district court dismiss the petition without prejudice based on failure to exhaust state remedies.**

DATED: September 12, 2011

Alicia G. Rosenberg

ALICIA G. ROSENBERG
United States Magistrate Judge